UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS HERRERA LANZA,<br><br>Petitioner,<br><br>v.<br><br>PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al.,<br><br>Respondents. | Case No.:  26-CV-3215 JAO (JLB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>(ECF No. 1) |

Before the Court is Santos Herrera Lanza's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Also before the Court is Respondents Patrick Divver's (Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement ("ICE")), Markwayne Mullin's (Secretary of the Department of Homeland Security), Todd Lyon's (Director of ICE), Todd Blanche's (Acting Attorney General of the United States), and Christopher LaRose's (Warden of Otay Mesa Detention Center) (collectively, "Respondents" or the "Government") Return to the Petition (ECF No. 4).

For the following reasons, the Court **DENIES** the Petition **WITHOUT PREJUDICE** and will allow leave to file an Amended Petition by June 22, 2026.

1

26-CV-3215 JAO (JLB)

## BACKGROUND

Petitioner is a native and citizen of Honduras and entered the United States without inspection on December 23, 2018. *See* ECF No. 4-1 at 3–4; *see also* ECF No. 1 ¶ 6(b). Although Petitioner claims he was not apprehended upon his arrival to the United States, ECF No. 1 ¶ 6(b), he was arrested that day within a mile of the border, *see* ECF No. 4-1 at 3. Apparently, Petitioner was released after his arrest, but was again apprehended by immigration authorities on April 9, 2026, while at work. *See* ECF No. 1 ¶ 6(a). He has been detained since. *See id.* ¶ 7. Respondents placed Petitioner into removal proceedings, but have not afforded him a bond hearing. *See id.* ¶¶ 7, 9.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that he's a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Bautista*"). *See* ECF No. 1 ¶¶ 27–31. Respondents retort that Petitioner is not a *Bautista* class member because he *was* apprehended upon his arrival to the United States. *See* ECF No. 4 at 1.

26-CV-3215 JAO (JLB)

To be a member of the Bond Eligible Class, a person must (1) have entered the United States without inspection, (2) not have been apprehended upon arrival, and (3) not be detained under 8 U.S.C. § 1126(c), 8 U.S.C. § 1125(b)(1) or 8 U.S.C. § 1231 at the time the Department of Homeland Security made its initial custody determination.  *See Maldonado Bautista*, 2025 WL 3288403, at *9.[1]  Here, Respondents submitted evidence that Petitioner was apprehended upon arrival, which Petitioner has not rebutted.  Still, the fact that Petitioner initially entered in 2018 and was *re-detained* in 2026 suggests that he was on some type of supervised release in the intervening years.  He may thus be entitled to some form of relief from his current detention depending on the circumstances.

As such, the Court DENIES the Petition under *Bautista* but will allow Petitioner leave to file an Amended Petition.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petition **WITHOUT PREJUDICE.**  Petitioner may file an Amended Petition by June 22, 2026

**IT IS SO ORDERED.**

Dated:  June 10, 2026



Jill A. Otake
United States District Judge

---

[1]  The Court recognizes that the Ninth Circuit has stayed the effect of *Maldonado Bautista* beyond the Central District of California, *see* Appeal No. 26-1044 at Dkt. No. 5-1, but that courts in this district continue to find it persuasive and apply its holding in like circumstances.  *See, e.g.*, *Garcia Garcia v. Mullin*, 2026 WL 1303159, at *1 (S.D. Cal. May 12, 2026) (acknowledging *Bautista* and ordering bond hearing).

26-CV-3215 JAO (JLB)